UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARLENE NUNEZ, *et al.*, )<br>　　Plaintiffs, )<br>　　　　　　　　　　　　　　　) <br>　　v. 　　　　　　　　　　　　) 　　CAUSE NO. 2:14-CV-293-JD-JEM<br>　　　　　　　　　　　　　　　)<br>INDIANA DEPARTMENT OF CHILD )<br>SERVICES, )<br>　　Defendant. ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion to Dismiss Plaintiffs' Complaint [DE 15], filed by Defendant on November 10, 2014.

On January 16, 2015, Judge Jon E. DeGuilio entered an Order [DE 22] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court grant the motion to dismiss.

**PROCEDURAL BACKGROUND**

Plaintiffs Arlene Nunez and Veronica L. Martinez filed their Complaint on August 20, 2014, alleging that Defendant Indiana Department of Child Services violated provisions of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq*. Defendant seeks dismissal of Plaintiffs' Complaint on the grounds that the claims are barred by the Eleventh Amendment and the doctrine of sovereign immunity. On November 24, 2014, Plaintiffs filed a response to the instant Motion, and Defendant filed its reply on December 5, 2014.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d

930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

## ANALYSIS

Defendant, a state agency, moves for dismissal on the grounds that the claims in Plaintiffs' Complaint are barred pursuant to the doctrine of sovereign immunity. Plaintiffs argue that the state of Indiana, and thus Defendant Indiana Department of Child Services by extension, have consented to suit.

"The Eleventh Amendment provides states with immunity from suits in federal courts unless the State consents to the suit or Congress has abrogated their immunity. State agencies are treated the same as states for purposes of the Eleventh Amendment." *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012); *see also Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669 (1999). Defendant argues, and Plaintiffs agree, that Congress has not abrogated the states' immunity with the FLSA. Plaintiffs argue instead that Indiana has expressly consented to suit under the FLSA.

The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one" that requires a state to "voluntarily invoke[]" or "make[] a clear declaration that it intends to submit itself to [federal] jurisdiction." *Coll. Sav. Bank,* 527 U.S. at 675-76; *see also Mueller v. Thompson*, 133 F.3d 1063, 1064 (7th Cir. 1998) ("Federal courts will not entertain suits against a state that arise under a federal statute to which the Eleventh Amendment

3

is applicable unless the state has made its intention to waive its rights under the amendment clear."). For there to be waiver of immunity, "there must be an 'unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment.'" *MCI Telecomm. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 338 (7th Cir. 2000) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1 (1985)). Plaintiffs argue that Indiana has consented to contract suits, that Indiana courts have held that employment creates a contractual relationship, and that because FLSA's provisions have been treated as employment contracts by some courts (although notably not the Seventh Circuit Court of Appeals), Indiana has consented to be sued under the FLSA. Plaintiffs also argue that FLSA retaliation claims are tort claims, and since Indiana's Tort Claims Act does not explicitly bar claims brought pursuant to the FLSA, it has consented to suit.

Plaintiffs convoluted arguments are unavailing. Although Plaintiffs are correct that the Indiana Tort Claims Act does not specifically include FLSA claims in its list of causes of action that are barred by sovereign immunity, that list is not presented as exhaustive and, in fact, the Act explicitly states that it "shall not be construed as: (1) a waiver of the eleventh amendment to the Constitution of the United States; [or] (2) consent by the state of Indiana or its employees to be sued in any federal court." Ind. Code. § 34-13-3-5(f). Furthermore, consent to some types of suits does not mean that Indiana has consented to all similar suits. In *Mueller v. Thompson*, the Seventh Circuit Court of Appeals addressed the question of whether Wisconsin had consented to suit in federal court under the FLSA. 133 F.3d 1063 (7th Cir. 1998). In that case, there was a statute that "authorize[d] suits to be brought in any court of competent jurisdiction against employers—including the State itself—for overtime pay," and the state's labor department explicitly

"adopted the FLSA and regulations under it relating to state and local employees to be the law of Wisconsin regarding overtime pay" pursuant to an authorizing statute. *Id*. at 1064 (quotations omitted). Although that connection between the FLSA and state law is much less convoluted than the connections Plaintiffs attempt to draw, the Seventh Circuit found that Wisconsin had not clearly waived its immunity to suit for FLSA claims in federal court. "[I]mplicit waivers [of immunity] won't do; the court must be highly confident that the state really did intend to allow itself to be sued in federal court." *Id.*

In this case, Indiana has not clearly declared its intent to consent to federal jurisdiction over suits brought under the FLSA, and has made no waiver of sovereign immunity as to this specific lawsuit. Accordingly, Defendant Indiana Department of Child Services is immune from this suit, and the Court recommends that its Motion to Dismiss be granted.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss Plaintiffs' Complaint [DE 15].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 29th day of May, 2015.

                                                     s/ John E. Martin
                                                   MAGISTRATE JUDGE JOHN E. MARTIN
                                                   UNITED STATES DISTRICT COURT

cc:     All counsel of record