UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ARLENE NUÑEZ and VERONICA L. MARTINEZ on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. 2:14-CV-293-JD |
| v. | ) ) | |
| INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiffs Arlene Nuñez and Veronica L. Martinez, employees of the Indiana Department of Child Services ("the Department") in Gary, Indiana, sued the Department, claiming it violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Specifically, Plaintiffs claim that they have been forced to work during lunch, remain on call outside shift hours, and respond to emergency calls within an hour, despite not being compensated for working more than forty hours per week as required by 29 U.S.C. § 207(a) [DE 1]. They seek to have the action certified as a collective FLSA action against the Department, and seek injunctive relief, declaratory relief, monetary damages, and fees/costs [DE 1].

Defendants filed a Motion to Dismiss claiming that even taking all of the facts in the Complaint as true, a viable claim for relief has not been stated because the Department, as a state entity, has sovereign immunity under the Eleventh Amendment of the U.S. Constitution [DE 15; DE 16 at 3]. Plaintiffs responded in opposition and the Defendant replied in support [DE 17; DE 18].

The undersigned referred the motion and on May 29, 2015, Magistrate Judge Martin filed a Report and Recommendation in which he recommends the Court grant the Motion to Dismiss Plaintiffs' Complaint [DE 23].

Plaintiffs filed an objection to the Report and Recommendation [DE 24] arguing that the state has waived its sovereign immunity. *Id.* The Defendants responded to the objection [DE 25] and Plaintiffs replied [DE 26].

For the following reasons, the Court **ADOPTS** the Report and Recommendation after conducting a de novo review. The Motion for Dismissal of Plaintiffs' Complaint is therefore **GRANTED**, for the reasons more fully detailed below.

## I. Standard of Review

After referring a dispositive motion to a magistrate judge, a district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id.* Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Rule 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. In determining the sufficiency of a claim, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as

true, and draws all inferences in the nonmoving party's favor. *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) (considering the denial of a motion to dismiss based on absolute immunity or state sovereign immunity); *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (citation omitted).

## II. Discussion

The Court now turns to the Magistrate Judge's Report and Recommendation. The undersigned agrees with the Magistrate Judge's analysis regarding the Eleventh Amendment and its application to state agencies [DE 23 at 3]. In this regard, the Magistrate Judge quoted *Tucker v. Williams*, which holds "[t]he Eleventh Amendment provides states with immunity from suits in federal courts unless the State consents to the suit or Congress has abrogated their immunity. State agencies are treated the same as states for purposes of the Eleventh Amendment." 682 F.3d 654, 658 (7th Cir. 2012) [DE at 23 at 3]. The Plaintiffs have conceded that the FLSA does not abrogate the States' Eleventh Amendment immunity [DE 18 at 2] (citing *Alden v. Maine*, 527 U.S. 706, 755 (1999)), nor do they contest that the Indiana Department of Child Services is an arm of the State of Indiana [DE 18; DE 24]. And so the only issue raised by their responses is whether Indiana consented to be sued under the FLSA because I.C. § 34-13-1-1(a) allows claims against Indiana based on contract (including, per Plaintiffs, all employment by the State). The Court would also note that Plaintiffs initially argued that had Indiana wished to exercise its immunity from a lawsuit for unpaid wages under the FLSA, it would have barred such an action via the Indiana Tort Claims Act [DE 18].

As properly indicated by the Magistrate Judge, the test for determining whether a state has waived its immunity from federal court jurisdiction is stringent. In particular, for there to be a state's waiver of immunity, "there must be an 'unequivocal indication that the State intends to

consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment.'"

*MCI Telecomm. Corp. v. Ill. Bell Tel. Co.,* 222 F.3d 323, 338 (7th Cir. 2000) (quoting

*Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1 (1985)) [DE 23 at 5]. In addition,

"implicit waivers [of immunity] won't do; the court must be highly confident that the state really

did intend to allow itself to be sued in federal court." *Mueller v. Thompson,* 133 F.3d 1063 (7th

Cir. 1998). Ambiguities are construed in favor of immunity. *See Nelson v. Miller*, 570 F.3d 868

(7th Cir. 2009).

Under a de novo standard of review, the Court rejects the finding that Indiana waived its

sovereign immunity whether by virtue of its statute controlling the statute of limitations for

contract actions against the State or via the Indiana Tort Claims Act.

A.      **Wavier of Immunity through Contract**

First, the Court agrees with Magistrate Judge Martin's determination that Indiana's

consent to suit for contract claims, found in Indiana Code § 34-13-1-1(a), does not include a

waiver of the State's sovereign immunity with respect to FLSA claims. The Magistrate Judge

concluded that although § 34-13-1-1(a) permits "[a]ny person having a claim against the state

arising out of an express of implied contract" to bring suit within ten years after the claim

accrues, there is no unequivocal indication that the legislature intended for Indiana to be subject

to suits under the FLSA and therefore the State retains its immunity to this suit [DE 23]. Similar

to *Mueller v. Thompson*, the Wisconsin state legislature had passed a statute authorizing suits

against the state itself for overtime pay (with protections akin to those afforded by the FLSA),

however, the Seventh Circuit found that the state statute did not constitute an implicit waiver for

suit against the state in federal court under the FLSA because the statute made only reference to

state law and not the FLSA. 133 F.3d 1063, 1064 (7th Cir. 1998). While the Seventh Circuit

4

noted that at the time of the state statute's passage, Wisconsin had little reason to think about

waiver of immunity for FLSA claims, the basic premise still applies today such that if a state has

"not made clear by any such enactment that it wants to waive the defense," then it cannot be held

to have relinquished its Eleventh Amendment immunity. *Id*. at 1066. In this case, by virtue of

passing § 34-13-1-1(a), Indiana has not clearly declared its intent to consent to federal

jurisdiction over suits brought under the FLSA, and thus, it cannot be said that Indiana waived its

immunity to this lawsuit.

Ultimately, Plaintiffs attempt to construct a connection between Indiana's statute

permitting suits arising out of contract with the notion that employment in general creates a

contractual relationship, concluding that the State has waived its sovereign immunity for claims

arising out of employment, like FLSA [DE 16; DE 24]. Like the Magistrate Judge, the

undersigned is not persuaded by these arguments. First, the cases relied upon by Plaintiffs [DE

24 at 2] are inapplicable as they do not even involve lawsuits against the state or state entities,

much less discuss waiver of immunity or consent to suit in federal court for claims by

disgruntled employees arising under the FLSA. Second, Plaintiffs concede in their brief that the

"Indiana courts have not held specifically that employment claims fall within" I.C. § 34-13-1-1.

[DE 18 at 4]. Third, and most importantly, while serving as consent to suit in state court, nothing

in the text of I.C. § 34-13-1-1 indicates such consent applies to suit in federal court nor those

suits involving violations of the FLSA. And as noted above, "implicit waivers" will not suffice.

*Mueller*, 133 F.3d at 1064. In short, Plaintiffs do not demonstrate that the Indiana legislature has

made an "unequivocal indication" of consent to suit in federal court for FLSA claims.

After reviewing this issue de novo, the Court finds that the State of Indiana has not waived its sovereign immunity with respect to FLSA claims via Indiana Code § 34-13-1-1(a). The undersigned agrees with the Magistrate Judge that defendant is immune from this claim.

**B.      Waiver of Immunity through the Indiana Tort Claims Act**

Next, the undersigned considers Magistrate Judge Martin's recommendation that the Indiana Tort Claims Act did not unambiguously waive the State's immunity to suits under the FLSA [DE 23 at 4-5].  While Plaintiffs contend (despite having raised the argument in the first instance [DE 18]) that this Court should not be making this determination [DE 24 at 4] because the Indiana Supreme Court has not yet addressed this particular issue, the Court is at liberty to reject Plaintiffs' claim on any grounds it deems legitimate, and thus, it reviews the Magistrate Judge's recommendation on this matter under the de novo standard of review.

The undersigned agrees with the Magistrate Judge's recommendation that the legislature did not unambiguously waive the State's immunity to suit in federal court by way of the Indiana Tort Claims Act—in fact, it did just the opposite.  As the Magistrate Judge correctly observed, the Indiana Tort Claims Act explicitly says that it "shall not be construed as: (1) a waiver of the eleventh amendment to the Constitution of the United States; [or] (2) consent by the state of Indiana or its employees to be sued in any federal court." I.C. § 34-13-3-5(f) [DE 23 at 4].  This section of the Act not only conclusively indicates the legislature's intent on this issue, but it demonstrates that this Act could not satisfy the stringent test required for a state to waive its sovereign immunity.  The Court finds that the Indiana Tort Claims Act cannot be viewed as opening the State of Indiana up to FLSA lawsuits in federal court.

**C. Injunctive and Declaratory Relief**

Because the Magistrate Judge's Report and Recommendation does not resolve the claims

for declaratory and injunctive relief, the undersigned addresses those claims here. It is true that

in some instances, notwithstanding the Eleventh Amendment, individual state officials can be

enjoined from violating federal law even though compliance with the injunction will cost the

state. *Luder v. Endicott*, 253 F.3d 1020, 1024-25 (7th Cir. 2001) (citing *Ex parte Young*, 209

U.S. 123 (1908)). However, individuals have not been named as Defendants in this suit, and

aside, under the FLSA private parties may not seek injunctive relief[1], *Heitmann v. City of Chi.,*

*Ill.*, 560 F.3d 642 (7th Cir. 2009); *Howard v. Springfield*, 274 F.3d 1141 (7th Cir. 2001), as only

the Secretary of Labor may bring actions for injunctive relief under Section 217. *See* 29 U.S.C. §

211(a) ("Except as provided in section 212 of this title, the Administrator shall bring all actions

under section 217 of this title to restrain violations of this chapter."). Moreover, "[d]eclaratory

relief should not be awarded where the eleventh amendment bars an award of monetary or

injunctive relief; otherwise the [declaratory] relief would operate as a means of avoiding the

amendment's bar." *Council 31 of the American Federation of State, County and Municipal*

*Employees, AFL-CIO v. Quinn,* 680 F.3d 875, 884 (7th Cir. 2012) (citing *MSA Realty Corp. v.*

*State of Ill.*, 990 F.2d 288, 295 (7th Cir. 1993)).

Accordingly, the Court finds after conducting a de novo review of the Report and

Recommendation that the allegations in Plaintiffs' Complaint are insufficient to state a plausible

claim for relief under the FLSA against the Indiana Department of Child Services, and

independently concurs with the recommendation to dismiss the Plaintiffs' FLSA claim.

---

[1] The exception in § 212 deals with child labor and does not affect this suit. *See* 29 U.S.C. §§ 211, 212. In addition, some exception with respect to a claim for retaliation has been recognized, but is inapplicable here since no claim for retaliation has been asserted. *See Bailey v. Golf Coast Transp., Inc*., 280 F.3d 1333 (11th Cir. 2002).

Accordingly, the Court dismisses the claim without prejudice. *Sorrentino v. Godinez*, 777 F.3d 410, 415 (7th Cir. 2015) (noting that a dismissal based on sovereign immunity is one without prejudice where it does not preclude the claim being pursued in state court).

### III.  Conclusion

For the reasons stated above, the Court **OVERRULES** Plaintiffs' objections to the Report and Recommendation [DE 24] and **ADOPTS** the Report and Recommendation [DE 23] as supplemented herein. Accordingly, the Motion for Dismissal of Plaintiffs' Complaint is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED.

ENTERED:  August 13, 2015

                                        /s/ JON E. DEGUILIO

                                   Judge
                                   United States District Court